IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02261-PAB-MJW

ALCOHOL MONITORING SYSTEMS, INC.,

Plaintiff,

v.

ACTSOFT, INC., et al.,

Defendants.

---

ORDER REGARDING
(1) PLAINTIFF ALCOHOL MONITORING SYSTEMS, INC.'S MOTION TO AMEND
SCHEDULING ORDER (DOCKET NO. 55)
AND
(2) PLAINTIFF ALCOHOL MONITORING SYSTEMS, INC.'S MOTION TO AMEND
COMPLAINT AND BRIEF (DOCKET NO. 62)

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter was before the court on November 4, 2008, for hearing on: (1) Plaintiff Alcohol Monitoring Systems, Inc.'s Motion to Amend Scheduling Order and Motion to Compel (docket no. 55) and (2) Plaintiff Alcohol Monitoring Systems, Inc.'s Motion to Amend Complaint and Brief (docket no. 62). The court has reviewed both of these motions (docket nos. 55 and 62 ), the legal briefs submitted, the responses (docket nos. 64 and 65) thereto, and the reply (docket nos. 68). The court further has reviewed and considered the Joint Status Report (docket no. 75) submitted by the parties. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. Lastly, the court

has considered oral argument presented by the parties. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That for the reasons stated in the subject motion (docket no. 55), Plaintiff has demonstrated good cause to amend the Rule 16 Scheduling Order to allow for additional interrogatories and to require Defendant to supplement its document production;

5. That the motion to amend the Complaint is made after the deadline for amendment of pleadings, and thus this court has applied the following analysis in deciding whether to allow the amendments:

> Where, as here, a motion to amend the pleadings . . . is filed after the scheduling order deadline, a "two-step analysis" is required. Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has "good cause" for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a) . . . .

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations and citations omitted). The second step is consideration of whether the plaintiff has satisfied the standard for amendment of pleadings required under Fed. R. Civ. P. 15(a):

> Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

Id. at 669 (citation omitted); and

6. That the deadline to amend the pleadings expired in March 2008. However, it is clear that Plaintiff did not learn of the extent of US Home's involvement in the manufacturing and sale of the HAS products until the deposition of Mrs. Miller which was taken in October 2008. Shortly after learning of U.S Home's involvement,

Plaintiff filed its Motion to Amend Complaint and Brief (docket no. 62). Thus, I do not find that the requested amendment was unduly delayed by Plaintiff. Moreover, Plaintiff seeks in the Amended Complaint to add U.S. Home as a defendant and asserts the same claims for patent infringement against it. Under these circumstances, I do not find that the opposing parties are prejudiced noting that Plaintiff's claims that were asserted in the Middle District of Florida were recently consolidated with this action on June 27, 2008. See HCA-Healthone LLC v. Susan Lou Sparks Trust, 2006 WL 3762024 (D. Colo. Dec. 20, 2006) ("The prejudice with which the rules is concerned is the prejudice to the party's ability to prosecute or defend.") (quoting Deakyne v. Commissioners of Lewes, 416 F.2d 290, 300 (3rd Cir. 1969)). Accordingly, weighing these factors I find a sufficient basis in this court's discretion to permit Plaintiff Amended Complaint.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS:**

1. Plaintiff Alcohol Monitoring Systems, Inc.'s Motion to Amend Scheduling Order and Motion to Compel (docket no. 55) is **GRANTED** as follows. Each party may serve a total of 40 interrogatories on any other party. Defendant Actsoft shall respond

5

to Plaintiff's interrogatories 26-32, inclusive, on or before December 5, 2008. Defendants shall supplement their document production to Plaintiff by producing all responsive, non-privileged documents and identifying any and all documents withheld in a privilege log, and such privilege log shall outline with specificity the basis of such withholding of each document listed in the privilege log on or before December 5, 2008;

2. That Plaintiff Alcohol Monitoring Systems, Inc.'s Motion to Amend Complaint and brief (docket no. 62) is **GRANTED**. Plaintiff's Amended Complaint for Patent Infringement (docket no. 63-2) is accepted for filing as of the date of this Order;

3. That each party shall pay their own attorney fees and costs for these motions.

Done this 18th day of November 2008.

                                                  BY THE COURT

                                                  <u>s/ Michael J. Watanabe</u>
                                                  MICHAEL J. WATANABE
                                                  United States Magistrate Judge