IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02261-PAB-MJW
(Consolidated with 08-cv-01226-PAB-MJW)

ALCOHOL MONITORING SYSTEMS, INC.,

    Plaintiff

v.

ACTSOFT, INC.,
OHIO HOUSE MONITORING SYSTEMS, INC., and
US HOME DETENTION SYSTEMS AND EQUIPMENT, INC.,

    Defendants.

---

**ORDER REGARDING
PLAINTIFF'S MOTION TO COMPEL (DOCKET NO. 274)**

---

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion to Compel (docket no. 274). The court has reviewed the subject motion (docket no. 274) and the response (docket no. 278) thereto. In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

    1.    That I have jurisdiction over the subject matter and over the parties to this lawsuit;

    2.    That venue is proper in the state and District of Colorado;

2

3. That each party has been given a fair and adequate opportunity to be heard;

4. That at the Status Conference on May 12, 2011, Judge Brimmer denied Defendant's request to re-open discovery. See docket no. 269 and record of court proceedings. Judge Brimmer informed the parties that any supplemental production by Defendant Actsoft would be limited to that which Plaintiff AMS had already requested prior to discovery cut-off;

5. That in the subject motion, Plaintiff AMS seeks an Order from this court directing Defendant Actsoft to produce "all documents related to Actsoft's revenue and profits from the accused device;"

6. That Plaintiff AMS' argument that the word "sales," as used in their discovery requests [i.e., Requests for Production Numbered 12, 13, and 14], includes the rental of equipment or charging of monitoring fees is misplaced. Moreover, if Plaintiff AMS wanted information concerning the rental of equipment or charging of monitoring fees or rental and monitoring revenue, it could have specially requested such information in its discovery requests but it did not; and

7. That Defendant Actsoft has already produced those portions of the G4S Asset Purchase Agreement Falling Within the Scope of AMS' Pre-Discovery Cut-Off Requests that relate to the "sale of accused products." Plaintiff AMS' request that this court order that Defendant Actsoft produce the entire unredacted G4S Asset

3

Purchase Agreement is without merit. Plaintiff AMS now seeks the unredacted portions of the G4S Asset Purchase Agreement in order to evaluate whether G4S should be added as a party to this lawsuit. See docket no. 274 at p. 7. However, the time to add additional parties has long since expired. Further, the discovery deadline in this case has also long since expired. In addition, this case is set for (a) a Final Pretrial Conference on August 29, 2011, at 1:30 p.m.; (b) a Trial Preparation Conference on October 11, 2011, at 1:00 p.m.; and (c) Jury Trial on October 31, 2011, at 8:00 a.m.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiff's Motion to Compel (docket no. 274) is **DENIED**; and
2. That each party shall pay their own attorney fees and costs for this motion.

Done this 18th day of July 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE