IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-02261-PAB-MJW
(Consolidated with 08-cv-01226)

ALCOHOL MONITORING SYSTEMS, INC.,

    Plaintiff,

v.

ACTSOFT, INC.,
OHIO HOUSE MONITORING SYSTEMS, INC., and
U.S. HOME DETENTION SYSTEMS AND EQUIPMENT, INC.,

    Defendants.

## ORDER

This matter comes before the Court on the Unopposed Motion and Stipulation to Final Judgment of Non-Infringement [Docket No. 337] filed by plaintiff Alcohol Monitoring Systems, Inc. ("AMS"), Defendants' Motion for Judgment and Further Relief [Docket No. 339], and AMS's Response to Minute Order [Docket No. 340].

Plaintiff requests that the Court "(1) enter final judgment of non-infringement against AMS and in favor of Defendants and (2) vacate the trial currently set to begin on October 31, 2011." Docket No. 337 at 2. Defendants do not oppose this request. Neither side opposes entry of final judgment of non-infringement nor do they assert that there remain issues relevant to trial. Therefore, the Court determines that there is no need to delay entry of a final judgment of non-infringement against plaintiff and in favor of defendants.

However, because of pending motions in the case, on October 27, 2011, the Court entered a Minute Order [Docket No. 338] requesting that parties "file an appropriate motion with the Court regarding defendants' counterclaims and the two pending motions." Docket No. 338. In response to the Court's Minute Order, defendants filed a Motion for Judgment and Further Relief [Docket No. 339]. In the motion, defendants request, in addition to entry of judgment of non-infringement in their favor, that the Court grant defendants' Motion for Relief Regarding AMS's Breach of Discovery Obligations And Newly Asserted "Advice of Counsel" Defense [Docket No. 240].

That motion, however, sought disclosure of a pre-lawsuit opinion on infringement by Mr. Stanley Gradisar and was brought in support of a Motion to Declare the Case Exceptional that defendants have since withdrawn. *See* Docket No. 240 at 3; Docket No. 269 at 2; *see also* Docket No. 339 at 3 ("Defendants are not seeking all of the relief previously sought in [Docket No. 240][.]"). Therefore, the Court finds the motion is now moot.

Defendants claim that it is necessary to compel additional disclosure regarding Mr. Gradisar's opinion because they "intend to renew their Motion to Declare the Case Exceptional." Docket No. 339 at 3. Currently, however, there is no pending Motion to Declare the Case Exceptional. Disputes regarding attorney fees are collateral issues that can be decided after judgment. *Lorillard Tobacco Co. v. Engida*, 611 F.3d 1209, 1218 (10th Cir. 2010). Despite an entry of judgment, the Court retains "jurisdiction to 'consider collateral issues' including 'an award of counsel fees.'" *Id.* (quoting *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 395 (1990)). Consequently, defendants are free

to renew their request for disclosure in conjunction with any post-judgment motion they might file pursuant to 35 U.S.C. § 285.[1]

Accordingly, it is

**ORDERED** that the Unopposed Motion and Stipulation to Final Judgment of Non-Infringement [Docket No. 337] is **GRANTED**.  It is further

**ORDERED** that Defendants' Motion for Judgment and Further Relief [Docket No. 339] is **GRANTED in part and DENIED in part.**  It is further

**ORDERED** that Defendants' Motion for Relief Regarding AMS's Breach of Discovery Obligations And Newly Asserted "Advice of Counsel" Defense [Docket No. 240] is **DENIED as moot**.  It is further

**ORDERED** that final judgment of non-infringement shall enter against plaintiff and for defendants on defendants' counterclaims [Docket Nos. 229, 230, 231] as discussed in this Order.  It is further

**ORDERED** that final judgment of non-infringement shall enter against plaintiff Alcohol Monitoring Systems, Inc. and in favor of defendants ActSoft, Inc., Ohio House Monitoring Systems, Inc., and U.S. Home Detention Systems and Equipment, Inc.  It is further

**ORDERED** that the jury trial scheduled for October 31, 2011 is **VACATED**.

---

[1] Defendants also ask that the Court deny plaintiff's motion for attorney's fees [Docket No. 237].  *See* Docket No. 339 at 1.  The Court will hold that motion in abeyance as well, resolving it after judgment has entered in this case.

DATED October 28, 2011.

                                                      BY THE COURT:

                                              s/Philip A. Brimmer
                                              PHILIP A. BRIMMER
                                              United States District Judge