IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-02261-PAB-MJW
(Consolidated with 08-cv-01226)

ALCOHOL MONITORING SYSTEMS, INC.,

   Plaintiff,

v.

ACTSOFT, INC.,
OHIO HOUSE MONITORING SYSTEMS, INC., and
U.S. HOME DETENTION SYSTEMS AND EQUIPMENT, INC.,

   Defendants.

## ORDER

This matter is before the Court on the Motion for Review of Taxation of Costs [Docket No. 370] filed by defendants ActSoft, Inc., Ohio House Monitoring Systems, Inc., and U.S. Home Detention Systems and Equipment, Inc. The Court granted summary judgment in favor of defendants on October 25, 2011 [Docket No. 335]. On October 27, 2011, plaintiff Alcohol Monitoring Systems, Inc. ("AMS") and defendants stipulated to final judgment in favor of defendants [Docket No. 337]. Defendants, as the prevailing parties, filed a proposed Bill of Costs [Docket No. 348]. On January 26, 2012, the Clerk of the Court allowed certain costs in favor of defendants in the amount of $7,510.60 [Docket No. 363]. On February 2, 2012, defendants filed the present motion challenging the taxation of those costs, arguing that the Clerk should have taxed an additional $12,807.27 in their favor.

Defendants ask the Court to review the Clerk's award of costs and tax the full amount of costs they requested in four categories: (1) deposition transcripts; (2) witness costs; (3) copying costs; and (4) translation costs. Docket No. 370 at 1.

### A. Transcripts

Title 28, United States Code, § 1920 governs what costs are taxable under Rule 54(d)(1) and allows the Court to tax fees "for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). When a "deposition was reasonably necessary to the litigation, the resulting costs are generally allowable." *Karsian v. Inter-Regional Fin. Group, Inc.*, 13 F. Supp. 2d 1085, 1088 (D. Colo. 1998) (citations omitted). However, if the deposition was taken "simply for discovery purposes, then costs are not recoverable." *Id*.

Defendants seek to recover $561.90 in costs for the deposition transcripts of Michael Iiams, AMS' Chairman and CEO. Docket No. 370 at 4. Defendants argue that the transcript of Mr. Iiams' deposition was reasonably necessary for use in this case because Mr. Iiams was disclosed as a witness in both parties' Final Witness Lists [Docket Nos. 309, 312]. In response, plaintiff contends that defendants should not recover this cost because Mr. Iams' deposition transcript was not used in connection with a dispositive motion. Docket No. 372 at 3. Plaintiff claims that, simply because defendants took Mr. Iiams' deposition, it does not follow that the deposition transcript was necessary. *Id*. at 4.

The Tenth Circuit has noted that whether costs are taxable is based on whether the item taxed was "necessarily obtained for use in the case." *In re Williams Sec.*

*Litigation-WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009). Reasonableness must be based on the "particular facts and circumstances at the time the expense was incurred" and not with the benefit of hindsight. *Id*. at 1148. Moreover, the Tenth Circuit does not require use of depositions in dispositive motions. *Id*.

Here, Mr. Iiams was listed as a witness on both parties' final witness lists, designated as AMS' Rule 30(b)(6) representative, and the case appeared to be going to trial when his deposition was taken. *Callicrate v. Farm Land Indus., Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998) ("if materials or services are reasonably necessary for use in the case," even if they are ultimately not used to dispose of the matter, the district court "can find necessity and award the recovery of costs."). Based on the foregoing, the Court finds that Mr. Iiams' November 18, 2008 deposition transcript was reasonably necessary to prepare for the possibility of trial and will award defendants $561.90 in costs.

### B. Witnesses

Section 1920(3) allows the Court to tax "[f]ees and disbursements for printing and witnesses." Defendants argue that they should be awarded travel and lodging costs for Kevin Thigpen, Vice President of Business Development at ActSoft. Docket No. 370 at 5. Defendants claim that Mr. Thigpen was prepared to testify about defendants' likelihood of irreparable harm absent an injunction during the preliminary injunction hearings held on April 27 and April 28, 2009. *Id*. at 6. Defendants argue that, even though Mr. Thigpen did not ultimately testify, they should recover his travel costs. *Id*. Plaintiff claims that Mr. Thigpen's presence at the preliminary injunction

hearing was as a party representative, not as a witness. Docket No. 372 at 5-6. As such, plaintiff states that defendants are not entitled to travel costs. *Id*.

Section 1920(3) does not specify whether a party can recover witness costs for testimony at a preliminary injunction hearing. In addition, defendants have not clearly articulated why Mr. Thigpen's testimony at the hearing was reasonably necessary to the instant action. Accordingly, the Court will not grant defendants the costs associated with Mr. Thigpen's travel and expenses.

### C. Copies

Section 1920 allows the Court to tax "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Defendants seek costs for obtaining certified copies of deposition transcripts. As with other costs, defendants bear the burden of demonstrating that the requested copies were "reasonably necessary for use in the case." *See In re Williams*, 558 F.3d at 1149 (citation omitted).

Defendants seek costs for obtaining certified copies of transcripts for three deponents – Don White, AMS' Chief Operating Officer, Mr. Iiams, and Mr. Hawthorne, AMS' co-founder and Chief Technical Officer. Docket No. 370 at 6. Specifically, defendants seek $176.65 for certified copies of Don White's deposition, $48.80 for certified copies of Mr. Iams' deposition, and $86.25 for certified copies of Mr. Hawthorne's deposition. *Id*. at 7. In addition, defendants seek $85.85 for a certified copy of Robert Zettl's deposition. *Id*. at 6. Defendants state that they were going to call Mr. Zettl in their case in chief although he was a former witness for plaintiff. *Id*. at 7.

According to defendants, the certified copies of these depositions were necessary to impeach these witnesses at trial. *Id*. Plaintiff objects to these costs primarily because the certified copies were not used. Docket No. 372 at 7.

The Court finds that the certified transcripts for all four of these witnesses were reasonably necessary for use in the case and were not obtained primarily for defendants' convenience. *See In re Williams*, 558 F.3d at 1149. Three of these witnesses were listed in plaintiff's final witness list, *see* Docket No. 309, and Mr. Zettl was listed in defendants' final witness list. Docket No. 312. Moreover, the use of the deposition transcripts was foreclosed only because the Court granted defendants' summary judgment motion. *Callicrate*, 139 F.3d at 1340. Accordingly, the Court will award $397.55 to defendants.

Defendants seek $140.00 for a certified copy of the prosecution history of U.S. Patent No. 7,462,149 (the "'149 patent"). Defendants argue that the certified copy of the '149 patent was reasonably necessary in this case and was cited in defendants' successful motion for summary judgment [Docket No. 332]. Plaintiff's only objection to these costs is that the certified copies were not used at trial.

The Court agrees that the certified copies of the '149 patent were reasonably necessary for use in this case and that they were not obtained for counsel's convenience. *See Pehr v. Rubbermaid, Inc.*, 194 F.R.D. 404, 407 (D. Kan. 2000) (finding that, although not challenged by plaintiff, defendant can recover costs to secure copies of a patent's prosecution history). Therefore, the Court will award $140.00 to defendants.

### D.  Translation Costs

Finally, defendants argue that they should be awarded their costs pursuant to 28 U.S.C. § 1920(6) for the translation of computer code.  Docket No. 370 at 8.  Defendants claim that the translation of the computer source code was reasonably necessary for the resolution of the case.

In a recent case, however, the Supreme Court held that compensation of interpreters, under 28 U.S.C. § 1920(6), "does not apply to translators of written materials."  *Taniguchi v. Kan Pac. Saipan, LTD.*, --- U.S. ----, 132 S.Ct. 1997, 2000 (2012).  Defendants' motion compares David Beazley's work on the computer source code to the translation of documents.  *See* Docket No. 370 at 8-9.  As such, defendants request the exact sort of costs the Supreme Court recently deemed unrecoverable under 28 U.S.C. § 1920(6).  Therefore, the Court will not tax this cost.

For the foregoing reasons, it is

**ORDERED** that Defendants' Motion for Review of Taxation of Costs [Docket No. 370] is **GRANTED** in part and **DENIED** in part.  Additional costs shall be taxed in favor of defendants and against plaintiff in the amount of $1099.45.

DATED September 24, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge