IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-02261-PAB-MJW
(Consolidated with 08-cv-01226)

ALCOHOL MONITORING SYSTEMS, INC.,

    Plaintiff,

v.

ACTSOFT, INC., et al.,

    Defendants.

## ORDER

    This matter is before the Court on plaintiff's motion for sanctions pursuant to Fed. Civ. P. 11 [Docket No. 361]. On November 16, 2011, defendants filed a renewed motion to declare this case exceptional pursuant to 35 U.S.C. § 285 [Docket No. 347] seeking an award of attorney's fees on that basis as well as pursuant to 28 U.S.C. § 1927. In the present motion, plaintiff contends that defendants' motion violates Fed. R. Civ. P. 11(b)(1), (b)(2) & (b)(3). Plaintiff's Rule 11 motion is fully briefed and ripe for disposition.

    As a sanction for the alleged Rule 11 violations, plaintiff requests that the Court award the attorney's fees plaintiff incurred in responding to defendants' motion. Rule 11(c)(4) provides that a Rule 11 sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated" and "may include . . . an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P.

11(c)(4). When assessing whether to award attorney's fees as a Rule 11 sanction, "a district court must expressly consider," among other things, the reasonableness of any fee request pursuant to the lodestar method. *See White v. General Motors Corp., Inc.*, 908 F.2d 675, 684 (10th Cir. 1990) (applying previous version of Rule 11 which also contained reference to reasonable attorney's fees); *see also Wasko v. Moore*, 122 F. App'x 403, 407 (10th Cir. 2005) ("'The plain language of the rule requires that the court independently analyze the reasonableness of the requested fees and expenses.'") (quoting *White*, 908 F.2d at 684 in relation to case involving amended version of Rule 11); *Guidry v. Clare*, 442 F. Supp. 2d 282, 293 (E.D. Va. 2006) (concluding that a Rule 11 "fee applicant . . . bears the burden of establishing by clear and convincing evidence the amount of a reasonable fee in the circumstances"). Here, plaintiff articulates what it believes to be sanctionable conduct but does not provide a basis for the Court to grant its requested relief. *See* Fed. R. Civ. P. 11(c)(6) ("An order imposing a sanction must describe the sanctioned conduct *and* explain the basis for the sanction.") (emphasis added); *see also* Fed. R. Civ. P. 11, adv. cmt. notes on the 1993 Amendments ("Any . . . award [of attorney's fees] to another party . . . should not exceed the expenses and attorneys' fees for the services directly and unavoidably caused by the violation of the certification requirement.").

More generally, plaintiff has failed to articulate why an award of attorney's fees, rather than some other sanction, is the most appropriate sanction in light of the violations alleged here. *See* Fed. R. Civ. P. 11, adv. cmt. notes to the 1993 Amendments ("Since the purpose of Rule 11 sanctions is to deter rather than to

compensate, the rule provides that, if a monetary sanction is imposed, it should ordinarily be paid into court as a penalty. However, *under unusual circumstances*, particularly for (b)(1) violations, deterrence may be ineffective unless the sanction not only requires the person violating the rule to make a monetary payment, but also directs that some or all of this payment be made to those injured by the violation.") (emphasis added); *see White*, 908 F.2d at 683 ("The rule's mention of attorney's fees does not create an entitlement to full compensation on the part of the opposing party every time a frivolous paper is filed."); *Liberty Savings Bank, FSB v. Webb Crane Service, Inc.*, No. 03-cv-02218-REB-CBS, 2006 WL 2711755, at *1 (D. Colo. Sep. 21, 2006).

Finally, plaintiff will likely not be in a position to specifically address which sanction might be appropriate until the Court resolves defendants' motion. There may be no basis for a sanction if the Court rules against plaintiff on defendants' motion. The Court believes it is most efficacious for plaintiff to assess, at that point, whether a Rule 11 motion is justified, rather than permitting supplemental briefing on the issue at a later date. *See Sea Carriers Corp. v. Empire Programs, Inc.*, 2006 WL 1148684, at *2 (S.D.N.Y. April 28, 2006) ("The Rule 11 issues will be deferred until the resolution of the related motion and upon the determination of this action when the consequences of any violation of the Rule can be more accurately assessed."); *see also Molski v. Mandarin Touch Restaurant*, 347 F. Supp. 2d 860, 868 (C.D. Cal. 2004) ("At this point, the Court has not made any formal determination regarding the merits of the instant case, and as such, Rule 11 sanctions would be premature."); *cf.* Fed. R. Civ. P. 11, adv. cmt. notes to 1993 Amendments ("[T]he court may defer its ruling (or its decision as to the identity

of the persons to be sanctioned) until final resolution of the case in order to avoid immediate conflicts of interest and to reduce the disruption created if a disclosure of attorney-client communications is needed to determine whether a violation occurred or to identify the person responsible for the violation.").

For the foregoing reasons, it is

**ORDERED** that plaintiff's motion for sanctions pursuant to Fed. Civ. P. 11 [Docket No. 361] is DENIED without prejudice.

DATED September 28, 2012.

> BY THE COURT:
>
> s/Philip A. Brimmer
> PHILIP A. BRIMMER
> United States District Judge