IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-02261-PAB-MJW
(Consolidated with 08-cv-01226)

ALCOHOL MONITORING SYSTEMS, INC.,

    Plaintiff,

v.

ACTSOFT, INC.,
OHIO HOUSE MONITORING SYSTEMS, INC., and
U.S. HOME DETENTION SYSTEMS AND EQUIPMENT, INC.,

    Defendants.

## ORDER

This matter is before the Court on the Renewed Motion to Declare Case Exceptional and for an Award of Attorneys' Fees [Docket No. 347] filed by defendants ActSoft, Inc., Ohio House Monitoring Systems, Inc., and U.S. Home Detention Systems and Equipment, Inc.

Plaintiff Alcohol Monitoring Systems Inc. is the owner of U.S. Patent No. 5,220,919 ("'919 patent"). Docket No. 85 at 3-4. On October 25, 2007, plaintiff filed this case alleging that defendants' House Arrest Solution device infringed the '919 patent. *See* Docket No. 1. On April 27, 2009, the Court issued an Order Regarding Claim Construction [Docket No. 196], which construed the claim at issue here – Claim 14. Based on the claim construction, the Court granted summary judgment and entered final judgment in favor of defendants [Docket No. 342]. Plaintiff appealed the Court's ruling on summary judgment [Docket No. 241].

On January 24, 2011, the Federal Circuit affirmed in part and reversed in part the Court's construction of Claim 14. *See Alcohol Monitoring Sys., Inc. v. Actsoft, Inc.*, 414 F. App'x 294, 299-300 (Fed. Cir. 2011). After remand, the case was set for an eight-day jury trial beginning October 31, 2011. *See* Docket No. 269. On September 27, 2011, defendants requested leave to file a supplemental renewed motion for summary judgment. Docket No. 305. The Court granted defendants permission to file such motion. Docket No. 331. In their supplemental renewed motion for summary judgment, defendants argued that plaintiff should be estopped from presenting a construction of Claim 14(e) of the '919 patent that was inconsistent with statements plaintiff made to the Patent and Trademark Office ("PTO") during the prosecution of Application No. 10/441,940 ("'940 Application").[1] Defendants requested that the Court limit plaintiff's construction of Claim 14(e) based on prosecution history estoppel and judicial estoppel. Docket No. 332 at 2-7.

The Court granted defendants' supplemental renewed motion for summary judgment in part and denied the motion in part. Docket No. 335. The Court found that prosecution history estoppel did not apply to the statements plaintiff made to the PTO during the prosecution of the '149 patent. *Id.* at 8. The Court, however, found that plaintiff was "judicially estopped from asserting a construction or interpretation of Claim 14(e) of the '919 patent that is inconsistent with the position that plaintiff took in front of the PTO regarding the '149 patent." *Id*. at 11.

---

[1] On December 9, 2008, the '940 Application was issued as U.S. Patent No. 7,462,149 ("'149 patent"). Docket No. 305-2

2

Based on the Court's ruling, on October 27, 2011, plaintiff and defendants stipulated to final judgment in favor of defendants [Docket No. 337]. On November 3, 2011, plaintiff appealed the Court's decision [Docket No. 343] and the Federal Circuit affirmed the Court's ruling without issuing a written opinion. *See Alcohol Monitoring Sys., Inc. v. Actsoft, Inc.*, --- F. App'x ----, 2013 WL 765094, at *1 (Fed. Cir. March 1, 2013).

Defendants move for an award of attorneys' fees and costs pursuant to 35 U.S.C. § 285, 28 U.S.C. § 1927, and the Court's inherent powers. Docket No. 347 at 13. Defendants argue that such an award is justified because plaintiff did not (1) fully respond to discovery requests, (2) disclose the arguments it made to the PTO when prosecuting the '149 patent, (3) fully respond to the interrogatory requests, and (4) disclose attorney Stanley Gradisar's pre-litigation opinion letters.

Section 285 of Title 35 provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." To award attorney fees under § 285, a court must undertake a two-step process: first, determine whether the case is exceptional and, second, determine whether attorney fees are appropriate. *Wedgetail, Ltd. v. Huddleston Deluxe, Inc.*, 576 F.3d 1302, 1304 (Fed. Cir. 2009). To determine whether a case is exceptional, the movant must establish both that (1) the litigation was brought in subjective bad faith and (2) the claims asserted in the litigation were objectively baseless. *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005). In addition, litigation conduct can make a case exceptional if the nonmoving party engaged in fraud, inequitable conduct, misconduct during litigation,

vexatious or unjustified litigation, or conduct that violates Fed. R. Civ. P. 11. *iLOR, LLC v. Google, Inc.*, 631 F.3d 1372, 1376 (Fed. Cir. 2011). Generally, there is a presumption that a claim brought for infringement of a duly granted patent is made in good faith. *Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersysteme GmbH*, 603 F.3d 943, 954 (Fed. Cir. 2010). The movant can overcome this presumption by presenting clear and convincing evidence that the patentee's infringement claim was vexatious, unjustified, or frivolous. *Id*.

For a claim of infringement to be objectively baseless, the infringement allegations must be such that no litigant could reasonably expect success on the merits. *iLOR*, 631 F.3d at 1378. To determine whether a claim is objectively baseless, courts make an objective assessment of the merits of a claim, which does "not depend on the plaintiff's state of mind at the time the action was commenced, but rather requires an objective assessment of the merits." *Id*. at 1377 (citation omitted). Whether a claim is objectively baseless is determined on the record ultimately made in the infringement proceedings. *Id*. Here, the Court finds that plaintiff's claim of infringement was not objectively baseless.

Although plaintiff was ultimately unsuccessful, defendants have not shown by clear and convincing evidence that plaintiff's suit was baseless. First, because the '149 patent and the '919 patent are not familial patents, it was not unreasonable for plaintiff to believe that the arguments it made in connection with the '149 patent would not affect the construction of Claim 14(e) in this case. *See Pfizer, Inc. v. Ranbaxy Labs. Ltd.*, 457 F.3d 1284, 1290 (Fed. Cir. 2006) (noting that statements made during

prosecution of a later, unrelated patent, cannot be used to interpret claims of a previously issued patent); *see also Abbott Labs. v. Dey L.P.*, 287 F.3d 1097, 1104-05 (Fed. Cir. 2002) (finding that arguments made during the prosecution of a commonly-owned but unrelated patent did not create prosecution history estoppel). Second, prior to the Tenth Circuit's opinion in *Mathews v. Denver Newspaper Agency LLP*, 649 F.3d 1199 (10th Cir. 2011), it was still an open question in this Circuit whether judicial estoppel applied to statements a plaintiff made before an agency, rather than a court. As a result, the Court finds that defendants have not clearly and convincingly established that plaintiff's claim was objectively baseless at its initiation. There is therefore no need to consider subjective bad faith. *iLOR*, 631 F.3d at 1378.

Defendants argue that plaintiff's failure to disclose the prosecution history of the '149 patent shows that plaintiff's conduct in this case was vexatious and unnecessarily multiplied proceedings. Docket No. 347 at 5-12. As noted above, the '149 patent was not issued until December 9, 2008. *See* Docket No. 305-2. The majority of the discovery prior to the Court's summary judgment order [Docket 196] occurred during 2008. Because plaintiff was prosecuting a non-issued patent during discovery in this case, it is not clear that plaintiff was required to disclose the contemporaneous arguments it made to the PTO regarding the '149 patent. And, in fact, defendants have provided no case law in support of the proposition that an inventor, while prosecuting a pending patent application, has a duty to disclose his arguments in support of the new patent because those arguments might bear on the infringement proceedings of an unrelated patent. Given that plaintiff had yet to secure the '149 patent during 2008, the Court finds that plaintiff had no duty to reveal these documents during that time period.

Defendants also argue that plaintiff should have made the prosecution history of the '149 patent available while this case was on appeal between February 26, 2010 and March 7, 2011.[2] However, defendants did not propose a construction of Claim 14(e) that sought to construe the phrase "transmitting each of said measurement results." '919 patent col. 14. l. 11; see Docket No. 104 at 24-31. It also does not appear defendants raised this argument on appeal. See Alcohol Monitoring, 414 F. App'x at 299. There is nothing about the appeal process itself that made it improper for plaintiff not to produce the prosecution history of the '149 patent.

Next, defendants argue that plaintiff should have included its PTO arguments in response to defendants' request for "[a]ll documents and things relating to the '919 Patent." Docket No. 347 at 5. However, it was not vexatious to construe this request in such a way that it did not include references to the '919 patent made in connection with the '149 patent's prosecution history and, as indicated above, the *Mathews* decision regarding judicial estoppel had not been issued.

Finally, defendants argue that plaintiff's intentional concealment of attorney Stanley Gradisar proves that plaintiff acted in bad faith. Docket No. 347 at 6. Defendants claim that Mr. Gradisar prepared pre-litigation opinion letters, which plaintiff did not disclose in this litigation until February 18, 2010.[3] See Docket No. 239-1 at 2,

---

[2]On May 4, 2009, plaintiff filed a Motion for Certification pursuant to Fed. R. Civ. P. 54(b). On July 20, 2009, plaintiff filed a status report [Docket No. 217-1] noting that the Court's claim construction resolved all issues in the case and requesting that the case be stayed pending an appeal.

[3]Plaintiff claims that it inadvertently omitted a reference to Mr. Gradisar's opinion letters on its privilege logs. Docket No. 246 at 4 n.1.

¶¶ 8-10. Defendants claim that plaintiff's failure to disclose Mr. Gradisar's opinion letters constitutes sanctionable conduct. Docket No. 357 at 6-7. The Court is not persuaded.

Mr. Gradisar's pre-litigation opinion letters were privileged communications until plaintiff waived the attorney-client privilege by referring to them in the Jeffrey Hawthorne affidavit. Docket No. 239-1. Defendants have not shown that, during discovery in 2008, they could have successfully secured Mr. Gradisar's opinions on Claim 14(e) that did not fall within the scope of the attorney-client privilege. Moreover, defendants do not allege that they were unaware of the prosecution of the '149 patent or the fact that the patent issued in December 2008.[4] Thus, although plaintiff's failure to include Mr. Gradisar's opinion letters on the privilege log is curious, it falls short of exceptional conduct. Accordingly, the Court finds that defendants have not presented clear and convincing evidence that plaintiff's litigation conduct was vexatious or that it unnecessarily multiplied proceedings. *Wedgetail*, 576 F.3d at 1304.

Defendants also request that the Court award attorneys' fees under 28 U.S.C. § 1927. Section 1927 of Title 28 provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

---

[4]When the '149 patent issued on December 9, 2008, information about the prosecution history of the '149 patent and Mr. Gradisar's involvement on behalf of plaintiff was publicly available.

7

28 U.S.C. § 1927.  Sanctions under § 1927 are appropriate when an attorney acts "recklessly or with indifference to the law." *Dominion Video Satellite, Inc. v. Echostar Satellite, LLC*, 430 F.3d 1269, 1278 (10th Cir. 2005).  Sanctions are also appropriate when "an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of proceedings was unwarranted." *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998) (internal quotations and citations omitted).  However, § 1927 only applies to the multiplication of proceedings and not to the initiation of litigation.  *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1224 (10th Cir. 2006).  Moreover, if a claimant acquiesces in the first attempt to have a claim dismissed, § 1927 sanctions are not appropriate.  *Id*. at 1225.

As noted above, the Court does not find that plaintiff acted recklessly or vexatiously or unnecessarily multiplied the proceedings.  This finding applies equally to plaintiff's counsel.  The Court will therefore deny defendants' request for attorneys' fees under § 1927.  For the same reason, the Court denies an award of attorneys' fees pursuant to the Court's inherent power.

For the foregoing reasons, it is

**ORDERED** that Defendants' Renewed Motion to Declare Case Exceptional and for an Award of Attorneys' Fees [Docket No. 347] is **DENIED**.

DATED March 30, 2013.

                                        BY THE COURT:

                                        s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge